State, Hoey, pros., v. Collector of Ocean Township.

---

## THE STATE, JOHN HOEY, PROSECUTOR, v. THE COLLECTOR OF OCEAN TOWNSHIP.

1. The fifth section of the act creating the Long Branch Commission, requiring them to give notice of the amount and purposes for which expenses under the act are to be incurred, does not require them to give notice of the expenses of each purpose so required to be stated.
2. On *certiorari* to review a tax, the court will not look into the validity of the title to office of those holding membership in the taxing body under a colorable appointment. Their acts are conclusive, so far as the public or third persons are concerned.

On *certiorari* to remove assessment of taxes.

Argued at June Term, 1876, before Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *Joel Parker*.

For the defendant, *W. H. Vredenburgh*.

The opinion of the court was delivered by

KNAPP, J.    This writ of *certiorari* brings up an assessment for taxes made against the prosecutor upon his property lying within the limits of the district which is, by charter, placed under the municipal control of "The Long Branch Police, Sanitary and Improvement Commission." The tax levied was for the general purpose of the corporation, and was, by the law, required to be assessed upon the real and personal property within the municipal limits.

Several reasons are assigned for setting aside the tax against the prosecutor.

The reasons, from the first to the fourth, inclusive, question the sufficiency of the notice of, and the correctness of the proceedings in ascertaining the expenses of the commission which were to be raised by tax, in that the amount for each particular purpose was not specified.

The notice was properly published, but it stated the aggregate amount of money to be raised, the purposes for which the money was needed, and in that form was delivered to the assessor within the time required by law. The duty of the commissioners in this regard, is prescribed in the fifth section of the act " to establish the Long Branch Police, Sanitary and Improvement Commission," approved April 11th, 1867.

It provides that the commissioners shall ascertain, as nearly as may be, in each year, " the expenses to be incurred in carrying into effect the provisions of the act, and give public notice of the amount thereof and the purposes thereof," and directs notice to be given to the assessor of the township within which the territory lies.

The act requires the amount of the expense to be incurred, and the purposes for which it is to be incurred, to be ascertained; but it does not, either in its terms or by necessary implication, require the expense of each particular object to be stated. It might be more satisfactory to the tax-payer, to have disclosed in the notice the estimated cost of each object of expense, but the law does not exact it, and I do not discover that the substantial rights of the prosecutor are impaired by the omission. The proceedings and notice were in compliance with the directions of the act.

The seventh reason is not supported by the facts. Whether entitled to notice or not, it was given by the collector.

Eighth reason is, that prosecutor had no opportunity to have deduction of debts. It does not appear that steps were taken by him to have deduction made; the reason, therefore, being doubtless, that as a non-resident of the state, he was not entitled to have such deduction. *State, Tatem, pros., v. McChesney,* 6 *Vroom* 548; *State, Rutherford Park Asso., pros.,* v. *Township of Union,* 7 *Vroom* 309; *State, Robbins, pros.,* v. *Coll. of Merchantville,* 9 *Vroom* 212.

The ninth and tenth reasons, so far as relied on by the prosecutor, complain of the statement of the tax in the duplicate and in the collector's notice, because the tax was not *itemized.* The tax assessed and to be collected for the commission was for an entire sum, and constituted in the assessment a single item only.

The twelfth reason is not relied on by the prosecutor.

By the eleventh reason, it is insisted that he is not liable to be taxed for police, fire department or lighting streets: because his property is some distance from street lights, police patrol and the depository of the fire apparatus, he has and can have no benefit from and should not pay tax for them.

The tax is for the general purposes of the municipality, in which those mentioned are included. Those objects of government for which the tax is laid are committed to the control of the corporation by the legislature. That body—subject, only to constitutional limitations—is, in dispensing such powers, supreme. It may grant at request, or impose, of its

own authority, municipal charters upon the inhabitants of a territorial subdivision of the state. As necessarily included in the power to create a corporation, it has power to establish the limits of territory over which such government shall extend, and of taxation for its support. It may designate classes of persons and kinds of property to bear the cost; and if the burden of taxation be imposed upon those who, or the property which, by legislative designation, are to bear it, upon rules of uniformity, they become subject to its payment. *City of Paterson* v. *Society for Useful Manufactures*, 4 *Zab.* 385; *State, ex rel. Trustees, &c.,* v. *Township Committee of Readington,* 7 *Vroom* 66; 1 *Dillon on Mun. Corp.,* § 124.

There may be just objection to including within municipal boundaries of a city, rural or agricultural lands, merely for the purpose of contributing, by its tax, to the city treasury, but this objection must be addressed to the legislature, not the courts, for it must be regarded as established law, that the power to create, enlarge and diminish such limits rests entirely in the legislative will. Whether any case can arise in which the courts of this state would relieve such property entirely from taxation, imposed purely for city purposes, because in no wise benefited, (as seems, by the cases cited by the counsel of prosecutor, to have been done in Kentucky, Iowa and Nebraska), it is not necessary to consider. It is sufficient to say that no such case is here presented.

The subjects of expense complained of are for the comfort of the citizens of the district and the protection of their property; they are a common benefit to all, not equally so to each, perhaps, but this is not necessary to the validity of a tax. The citizen who keeps no carriage pays his road tax as well as he who owns and rides in one.

The seventh reason objects to the tax, because two of the four persons who acted as commissioners in directing the tax, were not elected by the people of the district, but were, in pursuance of the terms of the act, appointed by a justice of the Supreme Court: that this being an invalid appointment, the tax was not ordered by competent authority.

It is not disputed that the act was adequate in its provisions to confer upon the corporation thereby created, the power to lay a tax for the objects embraced in the assessment, nor is it questioned that the requisite number of commissioners (if they were such), acted. The objection is, that two of the number were not legally in office.

The only question presented under this reason necessary to be considered is, whether in this collateral way, on a *certiorari* to review the validity of a tax levied for the purposes of a municipal corporation, and by a body legally empowered to impose such taxes, the legal validity and regularity of the appointment of those who are acting as members of that body, can be inquired into—whether a tax-payer can, to defeat a tax otherwise legal, be permitted to show that one or more members of the taxing body, holding office under a colorable appointment, is not in office by valid legal title?

This question is settled against the right so to do. Reference need be made to the single case of *State, ex rel. Mitchell*, v. *Tolan*, 4 *Vroom* 195, and cases there cited, as authority upon the point.

The acts of such an officer are, so far as the rights of third persons or the public are concerned, conclusive.

In my judgment, the objections urged against the tax afford no ground for setting it aside, and it must be affirmed, with costs.