State, Hoey, pros., v. Lewis, Collector, &c.

THE STATE, JOHN HOEY, PROSECUTOR, v. CHARLES LEWIS, COLLECTOR OF THE TOWNSHIP OF OCEAN, IN THE COUNTY OF MONMOUTH.

1. Under the fifth section of the act creating the Long Branch Commission, the commissioners must ascertain separately the expense to be incurred for each particular purpose requiring the expenditure of money; the notice of the amount and purpose for which expenses under the act are to be incurred, need only state the aggregate expenses for all purposes, without stating the particular amount to be incurred for each.

2. On error, objections cannot be entertained that were not taken, considered or decided by the court below, or made the subject of any assignment of error.

In error to the Supreme Court.

A writ of *certiorari* brought to the Supreme Court the assessment of taxes, duplicate and proceedings thereon, for the year 1873, against John Hoey, which tax was assessed under the act entitled "An act to establish the Long Branch Police, Sanitary and Improvement Commission," approved April 11th, 1867, and supplements to the same.

In November Term, 1876, the Supreme Court affirmed the assessment.

The following was agreed upon by the counsel of the respective parties, and set forth in the state of the case, upon which argument was had in the Supreme Court:

On the 6th day of June, 1873, Hon. Edward W. Scudder, Justice of the Supreme Court of New Jersey, by certificate under his hand, appointed Francis Corlies, Cornelius Vanderveer and Charles Chamberlain commissioners, by virtue of an act of the legislature, entitled "An act to establish the Long Branch Police, Sanitary and Improvement Commission," approved April 11th, 1867.

Three other commissioners were duly elected, making, in all, six commissioners.

On the 19th day of August, 1873, at the call of the chairman, the board of commissioners met—present Messrs. Corlies, Cooper, Morris and Chamberlain—and proceeded to ascertain the expense of carrying into effect the act, &c., and had the same served on the then assessor of the township of Ocean.

The assessor made the assessment under the resolution to raise $20,000, having first duly furnished Hoey with an assessor's blank in the usual form.

The assessor delivered his duplicate to the township collector of Ocean township within the time prescribed by law.

The assessor did not return the duplicate to the collector under oath, and took no oath at any time, except the official oath of assessor when sworn into office.

The following is the entry in the duplicate of 1873, which relates to this case:

"Hoey, John, $60,000.00—$372.00. Hoey was not a resident of this state, but occupied premises, personally, for about four months each year"

The collector notified Mr. Hoey of the tax, by sending a copy of the above extract from the duplicate to him, being the usual printed notice, containing also the notice of the time and place of meeting of the commissioners of appeal. Mr. Hoey was never notified by any officers, of the particular items for which such tax was to be raised, or the various purposes for which the tax was ordered to be raised, nor how much for each purpose, but had notice only through the above copy of duplicate and form of notice sent to him by the collector, and such notice, if any, as publication in the newspaper gave. There was no evidence whether he saw the newspaper or not.

The resolution ordering the tax to be raised was published in the "Long Branch News," a newspaper printed at Long Branch, for one week.

The property owned by Mr. Hoey, which was assessed, is situated within the corporation of Long Branch, about three-quarters of a mile from the village of Long Branch, where

the fire engine is kept, and about the same distance from a police station. No lamps were placed nor lights kept on roads in front of or through his premises, and the roads in front of or through his premises were not watered by the corporation.

Mr. Hoey did not appear before the commissioners of appeal.

For opinion of Supreme Court, see *ante p.* 75.

For the plaintiff in error, *Joel Parker.*

For the defendant, *Wm. H. Vredenburgh.*

The opinion of the court was delivered by

WOODHULL, J. The fifth section of the act to establish the Long Branch Police, Sanitary and Improvement Commission, approved April 11th, 1867, (*Laws,* 1867, *p.* 976,) provides that it shall be lawful for the said commissioners, once in each year, to ascertain, as nearly as may be, the expense to be incurred in carrying into effect the provisions of the act, and to give public notice of the amount thereof, and the purposes thereof, and deliver a copy of said notice to the assessor of the township within which said territory lies, on or before the 20th day of August, in each year; and that such assessor shall assess the same upon the land-owners for them taxed within said limits, as other taxes are assessed, as nearly as may be, which shall be collected and paid to said commissioners, who shall, once in each year, report their actual outlays, specifying the purposes for which the same were made, and that payment of the assessments may be enforced as other taxes may be in the county of Monmouth. The resolution referred to in the state of the case as having been passed by the board of commissioners on the 19th day of August, 1873, is in these words: "*Resolved,* That the following notice be served upon George W. Brown, assessor of the township of Ocean, in Monmouth county :

State, Hoey, pros., v. Lewis, Collector, &c.

## " Notice.

" We, the Long Branch commissioners, under and by virtue of an act, entitled ' An act to establish the Police, Sanitary and Improvement Commission,' approved April 11th, 1867, and the various supplements thereto, have and do hereby ascertain the expense of carrying into effect the various provisions of said act, and said supplements thereto, and the ordinances and regulations made by virtue of the same, to be twenty thousand dollars, for the purpose of pay-·ing the officers authorized and required thereby ; for the purpose of paying for gas, gas-lamps, and lighting the same ; ·for the purpose of paying for fire apparatus and real estate purchased ; for the purpose of paying the balance due on ·engines, pumps and water-wagons ; for the purpose of ·liquidating debts heretofore incurred by the·commission, and for the enforcement of the several provisions of said act, and said supplements thereto, and the ordinances and regulations ·of the board of commissioners, under and by virtue of the ·aforesaid act, and said supplements thereto."

One of the reasons relied on by the prosecutor in the court ·below for setting aside the assessment was, that in ascertain-·ing the expense to be incurred, &c., and in´giving notice of the, amount thereof, and the purposes thereof, the commissioners failed to comply with the requirements of the fifth section of the act.

The first matter alleged for error here is, the refusal of the Supreme Court to sustain this objection to the proceedings of the commissioners.

It is insisted, on the part of the plaintiff in error, that, in order to ascertain the expense, &c., in the sense of the fifth -·section, the commissioners must ascertain separately the ex-.pense to be incurred for each particular purpose requiring the expenditure of money, and that the notice to be given must contain, not a mere general statement of the amount to be incurred for all the enumerated purposes, but must specify ·the particular amount to be incurred for each.

I have no difficulty in conceding the first proposition embraced in this insistment, namely, that the commissioners. are required to ascertain separately the expense to be incurred for each purpose for which money is to be expended.

They are to ascertain, *as nearly as may be,* the expense to. be incurred in carrying into effect the various provisions of the act. They are charged with the delicate and difficult duty of determining in advance what amount of money will be required to meet expenses not yet incurred for municipal purposes more or less subject to change and perplexing contingencies. A matter involving so many elements of uncertainty is incapable of being *ascertained* in the strict sense of that word. Hence the introduction of the qualifying phrase " *as nearly as may be,*" which, while it implies a recognition of the fact that absolute certainty is not attainable, does also, in effect, require the commissioners to ascertain the expense,. &c., with as much precision as the nature of the subject and. their means of information will permit.

That the commissioners proceeded to ascertain, and did ascertain the aggregate expense, &c., for the several purposes stated in their notice, appears conclusively by the record. before us; that they did this in the fair exercise of their judgment about the matter, and in accordance with the true intent and meaning of the act, may be justly inferred from. the facts stated, and, in the absence of any indication to the contrary, cannot now be questioned.

But the aggregate expense to be incurred for the several corporate purposes referred to, could not possibly be ascertained, with the requisite precision, without first ascertaining,. with the like precision, the expense, &c., for each one of those purposes.

The allegation,. therefore,. made in behalf of the plaintiff in error, that the commissioners in this case have failed to. ascertain *separately* the expense, &c., for the several purposes mentioned in their notice, is not sustained by the record, and cannot be true.

It is next insisted,. by the counsel for the plaintiff in error,.

that a notice stating merely the aggregate expense for all purposes, without specifying the particular amount to be incurred for each, does not satisfy the requirement of the act.

By the terms of the fifth section, as we have seen, the commissioners, after ascertaining, &c., the expense to be incurred, &c., are to give public notice of the amount thereof, and the purposes thereof, and deliver a copy of said notice to the assessor, &c. They have ascertained the amount to be incurred, for all purposes, to be $20,000. The notice given states that amount, and specifies the purposes for which it is to be incurred.

While the most particular form of notice contended for on the part of the plaintiff in error is in itself entirely unobjectionable, and would, probably, as suggested, be more satisfactory to the tax-payers, and might with propriety, and perhaps with advantage, have been adopted by the commissioners, it is clearly not required by the act.

By another clause in the section already referred to, the commissioners are required to report, once in each year, their actual outlays, specifying the purposes for which the same were made, so that, ultimately, every dollar of the money raised by taxation for the purposes of this municipality must be strictly accounted for by showing specifically the object to which it has been applied.

This provision was plainly designed by the legislature, and was deemed sufficient, to secure not only a pains-taking and cautious estimate of the amount of money to be raised, but also the faithful application of it, by the commissioners, to the proper municipal purposes.

Another objection urged here against the validity of the assessment in question was, that an unascertained portion of it, viz., the amount assessed to pay for pumps and water-wagons, was unauthorized by the act, and; not being separable from the rest, the effect was to vitiate the entire assessment.

In support of this objection, reference is made to the second section of the supplement of 1870, which provides that the expenses of watering roads, streets or avenues, &c., shall be

assessed upon the owners of lands fronting on such roads, streets or avenues, respectively, according to the relative value of such lands, &c. *Laws,* 1870, *p.* 806.

The force of the objection lies in the assumption that the pumps and water-wagons referred to in the notice were provided for the purpose of watering roads, &c., and a sufficient answer to it is, that the fact assumed is too doubtful and uncertain to be made the basis of a decision adverse to the commissioners. It is by no means obvious that pumps and water-wagons may not be required for other municipal purposes than the one assumed.

Another answer, not less conclusive, is, that the objection cannot be entertained in this court, because (1) it was not taken in the court below; (2) was neither considered nor decided by that court; and (3) is not made the subject of any assignment of error. See *Oliver* v. *Phelps, Spenc.* 180; *Associates of the Jersey Company* v. *Davison,* 5 *Dutcher* 415, and cases.

For the reasons above indicated, and for those stated in the opinion of the court below upon the other questions arising in the case, there was no error in the judgment of the Supreme Court, and it is therefore affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, DALRIMPLE, DIXON, SCUDDER, WOODHULL, CLEMENT, GREEN, LILLY, WALES. 9.

*For reversal*—None.