LASSER, P.J.T.C.
(temporarily assigned).
In this action in lieu of prerogative writs, plaintiffs seek to recover garbage taxes paid to defendant municipality for the period January 1, 1978 through September 30, 1987. Defendant has moved for summary judgment on the ground that plaintiffs’ action is time-barred, or if not, plaintiffs have no legal right to recover the garbage taxes paid to defendant.
In August 1977 defendant adopted an ordinance, effective January 1, 1978, which created a garbage collection district and provided for defraying the cost of garbage collection services by levying and collecting garbage taxes in the same manner, at the same time and on the same tax bill as other township local property taxes. The garbage tax is thus calculated based on a property owner’s real property tax assessment and a tax rate established each year based on the annual garbage district budget.[1] The local property tax bill furnished to plaintiffs for each year in issue stated that the total tax rate was made up of rates for county tax, county library tax, district school tax, local municipal tax and garbage district tax.
Plaintiffs are owners of garden apartment properties located in defendant municipality and within the garbage collection district. During the period 1978 to date, defendant collected garbage left at the street line by homeowners in the garbage collection district. Plaintiffs allege that they were unaware of the ordinance and that their garbage would have been picked up if placed at the curb, so, as had been their prior custom, they continued to have the apartment garbage collected by private cartage companies.
Plaintiffs state that it was not until July 1986 that they learned through a newspaper article of the 1977 ordinance providing for collection of garbage. In a July 29,1986 letter to the township manager, plaintiffs requested that defendant pick up garbage at their garden apartments beginning August 1, *655 1986. In a letter dated August 1, 1986, the township manager informed plaintiffs that their garden apartment garbage would not be picked up by defendant. On August 15, 1986, plaintiffs filed the complaint in this action.
On June 10, 1987 defendant adopted an amendment to the garbage collection ordinance, effective July 1, 1987, excluding 20 multi-family housing properties, including plaintiffs’ garden apartment properties, from the garbage collection district and exempting them from garbage district taxation. Plaintiffs were thus relieved of the obligation to pay the municipal garbage tax.
In addition to this Superior Court action, plaintiffs also filed complaints in the Tax Court contesting the municipal garbage tax. However, plaintiffs determined that they were not contesting the assessed valuation of their property, withdrew the complaints filed with the Tax Court and are pursuing this action in lieu of prerogative writs in the Law Division of the Superior Court.
Plaintiffs’ claims fall within three separate time periods during which garbage district tax was paid by them to defendant: first, January 1, 1978 to July 31, 1986, the period during which plaintiffs made no request for garbage collection service; second, August 1, 1986 to June 30, 1987, the period during which plaintiffs made a request for garbage service, which request was denied; and third, the period from July 1, 1987 to September 30, 1987, during which the amendment of the ordinance excluding plaintiffs from the district was effective.
Plaintiffs now state that they are satisfied with their exclusion from the garbage district, and this exclusion is not in issue. However they claim a tax refund because:
1. For the period January 1, 1978 through September 30, 1987 they paid the garbage district tax without the benefit of having garbage collected from their property by defendant.
2. The action of defendant in executing the garbage district ordinance as applied to plaintiffs is arbitrary, capricious, unreasonable and unconstitutional, violating Article I, paragraph 1 of *656 the New Jersey Constitution and the Fifth and Fourteenth Amendments of the United States Constitution.
3. Garbage taxes were assessed and paid by them from July 1, 1987 to September 30, 1987, although the amendment to the ordinance excluding them from the garbage district became effective July 1, 1987.
4. Garbage district funds were improperly paid to township employees, were used to provide garbage service to properties not located in the garbage district, and were used to provide other than curbside collection to some residents of the garbage district, all of which they allege were improper disbursements by defendant for purposes not permitted by law.
Defendant argues that the garbage collection charge is a tax, and that it appears on the property tax bill as a separate rate added to the other governmental rates which are applied to the local property tax assessment of each property in the garbage collection district in calculating the total local property tax due. Defendant argues that, because it is a tax, plaintiffs’ complaint is time-barred for failure to comply with the filing requirements of N.J.S.A. 54:3-21 and R. 8:4-1.[2] Defendant also argues that plaintiffs are barred by the doctrine of laches from recovering taxes paid beginning in 1978 because their action was not commenced until August 1986.
I.
The garbage district charge in contest is a tax imposed as a part of the local property tax.[3] The local property tax statutory scheme enables a taxpayer to contest his tax assessment *657 (the amount at which his property is valued for the purpose of imposing the local property tax) before the county board of taxation and/or the Tax Court. Since there is no statutory provision for contesting the tax rate or its municipal, school, fire district or garbage district components, plaintiffs’ challenge to the garbage district tax is here raised by means of an action in lieu of prerogative writs, whereby plaintiffs seek refund of taxes paid and such other relief as the court may deem appropriate.
There is no statutory authority providing for refund of local property taxes to a taxpayer where the taxpayer’s only claim is that he does not receive the benefit of governmental services because he does not choose to, or is prevented from, availing himself of municipal, county, school or garbage collection services. If a taxpayer chooses to send his children to a private school, he is not entitled to seek a refund of that portion of his local property tax that is allocated for school purposes. If the school authorities prohibit his children from attending public school, he is not entitled to a refund of the school purposes portion of the tax, but may pursue equitable remedies to compel the furnishing of the services denied, as in Teagen v. Bergenfield Boro., 119 N.J.Super. 212, 290 A.2d 753 (Law Div.1972) or, possibly, sue for damages, as in Ayers v. Jackson Tp., 106 N.J. 557, 525 A.2d 287 (1987). Similarly, with respect to the garbage district tax portion of the local property tax, if plaintiffs do not avail themselves of the garbage service or if garbage service is denied to them, they are not entitled to a refund of that portion of the tax. It is well established that a taxpayer is not entitled to a refund of taxes where the Legislature has made no provision for a refund. The New Jersey Supreme Court, in Continental Trailways, Inc. v. Motor Vehicles Div. Director, 102 N.J. 526, 548, 509 A.2d 769 (1986), stated, “in the absence of statutory authority, taxes voluntarily, although erroneously, paid even under an unconstitutional statute cannot be refunded.” In the subject case there is no statutory provision allowing a tax refund on the ground claimed by plaintiffs.
*658 In State, Hoey, pros., v. Collector of Ocean Township, 39 N.J.L. 75 (Sup.Ct.1876), aff’d 39 N.J.L. 501 (E. & A.1877), the former New Jersey Supreme Court dealt with a challenge to a tax assessment levied for the general purposes of the Police, Sanitary and Improvement Commission. Taxpayer contested this municipal tax assessment against him, contending that he should not have to pay it because his property was some distance from street lights, police patrol and the location of the fire apparatus, and therefore he could receive no benefit from these services. The court held that:
The subjects of expense complained of are for the comfort of the citizens of the district and the protection of their property; they are a common benefit to all, not equally so to each, perhaps, but this is not necessary to the validity of a tax. The citizen who keeps no carriage pays his road tax as well as he who owns and rides in one. [at 78]
I conclude that, under the facts of the subject case, plaintiffs have no right to a tax refund because, under Hoey, plaintiffs must pay the tax regardless of whether they receive a specific governmental service, and because, under Continental Trailways, no refund is authorized by statute.
II.
Plaintiffs also have no right to monetary relief for lack of garbage collection service for the period 1978 through July 31, 1986 because they did not request service for that period. Plaintiffs contend that they are entitled to a refund of the garbage district tax because they first received notice of the existence of the garbage collection district in July 1986. However, the ordinance was adopted in 1977, notice of adoption was duly published, and plaintiffs received and paid tax bills each year thereafter which separately set forth the garbage collection district tax rate.
In Teagen, supra, operators of multi-family apartment houses challenged the curbside garbage collection method of the municipality which denied service to the apartments. The court held that the municipality was required to provide garbage collection prospectively but denied plaintiffs’ claim for monetary relief, stating:
*659 There is nothing in the record to show that they made any formal demand for garbage collection services from the borough prior to the institution of this action. As major taxpayers in this municipality, plaintiffs are charged with knowledge of the borough’s garbage collection practices, and they obviously knew that they were not receiving this service. Nevertheless, in all of the years during which they had an interest in this matter, they never made a written demand upon the municipality that the service be extended to them. At most, there was a casual conversation or statement made at the meeting in 1968 concerning this subject, and this was never pursued in any formal manner until this action was brought. Plaintiffs always had available to them recourse to the courts to seek redress for their grievances, and even where the rights infringed are of a constitutional dimension, those aggrieved are barred from monetary relief where they have neither acted timely nor in an appropriate manner, which certainly was the case here, [at 225, 290 A.2d 753]
I find that plaintiffs were on notice that their property was in a garbage collection district, and that they were being charged a tax for garbage collection even though they were using a private carter, and therefore I conclude that plaintiffs are not entitled to monetary relief for the period January 1, 1978 to July 31, 1986.
Plaintiffs contend that because defendant refused to collect their garden apartment garbage on and after August 1, 1986, and subsequently amended the ordinance to remove their property from the garbage collection district, the court can conclude that defendant would have refused to collect their garbage during the entire 1978-1987 period. Plaintiffs contend that this would constitute wrongdoing on the part of defendant and argue that defendant cannot now benefit from its own wrongdoing by retaining the garbage collection tax paid by plaintiffs.
Because plaintiffs did not place their garbage at the curb as required by the ordinance, and made no request for garbage pick-up prior to August 1, 1986, I cannot conclude that defendant would have refused to pick up plaintiffs’ garbage. Defendant might well have thought that plaintiffs did not wish to place their garbage at the curb for pick-up by defendant but preferred to use a private carter. I can only conclude from the proofs that defendant refused to pick up plaintiffs’ garbage beginning August 1, 1986.
I conclude that plaintiffs may not assert a claim for relief for lack of collection service prior to August 1986 because they *660 made no effort to obtain or use such service prior to that date, and because the court cannot assume that if plaintiffs had arranged to have the apartment garbage placed at curbside, it would not have been picked up.
III.
Plaintiffs challenge defendant’s action in administering the garbage district ordinance, contending that it constitutes a denial of plaintiffs’ due process and equal protection rights under Article I, paragraph 1 of the New Jersey Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. Assuming, for the purpose of this motion, that the refusal to collect plaintiffs’ garbage on and after August 1, 1986 was a denial of due process and equal protection, plaintiffs’ remedy was to seek enforcement of their right to garbage collection, but because of the passage of time, this remedy is not available for the period August 1, 1986 to July 1, 1987, when the ordinance was amended to exclude plaintiffs from the garbage district. At this time, plaintiffs have consented to their exclusion from the garbage district, and the issue is therefore moot because the court cannot now require defendant to collect plaintiffs’ garbage for that period.
However, plaintiffs may have an action for damages against defendant for its refusal to collect plaintiffs’ garbage during the period August 1, 1986 through June 30, 1987. In addition, plaintiffs contend that they should not be required to pay the third-quarter 1987 garbage district tax because the amended ordinance removing them from the garbage district became effective July 1, 1987. Plaintiffs also contest the tax on the ground that the manner in which garbage is collected by defendant violates the ordinance and N.J.S.A. 40:152-1 et seq. These claims may come within the request for “other relief” set forth in the complaint. They were not briefed or argued by counsel, and therefore the court will make no determination as to them at this time.
*661 Defendant’s motion to dismiss plaintiffs’ complaint is granted for the period January 1, 1978 through July 31, 1986 on the ground that plaintiffs are not entitled to a tax refund or other relief by reason of failure to take action to enforce their rights, but the motion is otherwise denied, to allow further proceedings which will determine whether plaintiffs are entitled to other relief for the period August 1, 1986 through September 30, 1987.

For example, the 1986 garbage district tax rate was $.28 per $100 of assessed value.

N.J.S.A. 54:3-21 and R. 8:4-1(a)(4) provide for contesting each year’s tax by filing a petition with the county board of taxation or, in certain cases, a complaint with the Tax Court, on or before August 15 of the tax year.

The garbage district charge is denominated a tax in the authorizing statute and is measured by the value of the taxpayer's real property. N.J.S.A. 40:152-3. The garbage district charge is to be differentiated from a sewerage district charge which is based on use of the service. N.J.S.A. 40A:18-43.